RICHARD H. BROWNE *v.* GEORGE W. CARLISLE ET AL.

TAX SALE.  *By auditor.   Right of land-clerk to purchase.*
  After the expiration of the period for the redemption of lands held by the
    State for taxes, the clerk in the land department of the office of the auditor
    of public accounts has as much right to purchase the same as any unofficial
    person.

APPEAL from the Chancery Court of Hinds County.
HON. E. G. PEYTON, Chancellor.
The case is stated in the opinion of the court.
*Nugent & McWillie,* for the appellant.

The question presented for review in this case is whether or not
the clerk in the land department in the office of the auditor of
public accounts can become the purchaser of lands held by the
State for taxes, and we are led at the outset to the consideration of
his official character and the nature and scope of his employment.
He is one of the four clerks appointed by the auditor under autho-
rity of § 216 of the Revised Code of 1880, and his salary is pro-
vided for and paid by the State.   The sales lists of lands sent up
from the various counties of the State belong to his department,
and through him the redemption and sale of all lands held by the
State are effected.   All inquiries with reference to redemptions are
referred to him, whether made personally or by letter, and he in
general conducts all transactions of sale without the practical inter-
vention of the auditor in any respect, for the State's deeds are not
required to be acknowledged, and, as the testimony shows, the
auditor signs them by the lot in blank, and leaves them with this
functionary to be filled and used as occasion requires.

For these purposes he is the servant and agent of the people at
a compensation which they pay, and it is a part of his public duty
to facilitate and encourage redemptions, and, in furtherance of the
established policy of the State, to aid in every way a reinvestiture
in the former owner of title to the property he has been deprived
of under a penalty.   If he can buy at the close of the period of
redemption, in the case of valuable pieces of property which he

wishes to acquire, he will be tempted to countervail the policy of the government, and, instead of encouraging, to defeat a redemption.

The authorities negative the proposition that such officer can purchase as in this case. See *Chute* v. *Barron,* 2 Mich. 194 ; *Church* v. *Marine Ins. Co.,* 1 Mason 341 ; *Ingerson* v. *Starkweather,* Walker's Chy. Rep. 346 ; *Davone* v. *Fanning,* 2 Johns. Ch. 251 ; *Tarrey* v. *Bank of Orleans,* 9 Paige 649 ; *Whelpdale* v. *Cookson,* 1 Vesey 9 ; *Ex parte Bennett,* 10 Vesey 384 ; *Midcord* v. *Gerard,* 4 How. (U. S.) 503.

*L. Brame,* for the appellees.

In the absence of statutory prohibition the only cases in which purchases by officers have been held void are those in which duty required that the officer should realize as much as possible for the property sold. To avoid a conflict between the duty of seller and the interest of buyer, the officer is incapacitated from purchasing. This is but the familiar rule applicable to all trustees. Here no such considerations are involved. The State, having a perfect title, advertises that it will sell and convey its lands at a *certain fixed price,* which goes into the treasury, and in compliance with the law there is nothing to prevent the auditor himself or any other State officer from purchasing.

Authority is not wanting or needed to sustain the position that a purchase by any trustee at his own sale is void, and upon the ground that it is the duty of the person making the sale to secure the best price for the property sold, whereas his interest as purchaser naturally inclines to the violation of this duty. But the rule has no application to this case. *Hare* v. *Carnall,* 39 Ark. 196 ; *Fox* v. *Cash,* 11 Pa. St. 207 ; *Wells* v. *Company,* 47 N. H. 258 ; Blackwell on Tax Titles 402 *et seq.;* 2 Desty on Taxation 840, 841 ; Cooley on Taxation 341 and note.

*L. Brame* also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

Appellees filed a bill in chancery to confirm a tax-title to certain land. The land had been sold for unpaid taxes and struck off to the State, and after the expiration of the period for redemption, had

been conveyed by the auditor of public accounts to one Buckley. While the deed from the auditor was to Buckley, it appears that the money received by the auditor for the land was in fact paid by appellees and that they were the purchasers, and that at the date of the purchase and conveyance the appellee, Carlisle, was clerk of the land department in the office of the auditor of public accounts.

The question to be determined in the case is whether or not the conveyance from the auditor to the appellees was rendered invalid by reason of Carlisle being the land clerk in the auditor's office at the time the conveyance was executed. We are of opinion that it was not. After the expiration of the period allowed for redemption the title to the land vested absolutely in the State, and it was held for sale by the State at a fixed price to any and all persons. The auditor exercised no discretion in the matter. He was required by law to convey such land to any person who desired to purchase and paid the taxes, damages, and cost thereon. There was no law which prohibited a clerk in the auditor's office from making such purchase. No public policy was violated and no trust or discretion abused by his doing so. The case is essentially different from that of an officer or trustee purchasing at his own sale, when his official duty to sell for the highest price and his private interest to buy at the lowest price are, or may be, brought into conflict.

*Affirmed.*